# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | |
|---|---|
| **ANTONIO PERRY** | : |
| Petitioner, | : |
| v. | : Civil Action No. 6:03-cr-20 (HL) |
| **UNITED STATES OF AMERICA,** | : |
| Respondent. | : |

## ORDER

The Recommendation of the United States Magistrate Judge (Doc. # 264) filed February 23, 2006, has been read and considered. No objections to the Recommendation were filed by either the Petitioner or the Government. The Recommendation is hereby accepted and made the Order of the Court, with two notations.

First, Perry requests that the Court follow the analysis utilized by the Supreme Court in Wade v. United States, 504 U.S. 181 (1992), which provided that a district court could remedy the government's refusal to file a Rule 35(b) motion if the court found that the refusal was based on an unconstitutional motive. Under 28 U.S.C. § 1361, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States . . . to perform a duty owed to the plaintiff." Whether to issue a writ of mandamus is within the discretion of the court to which the petition is addressed. Kerr v. U.S. Dist. Ct. For the N. Dist. of California, 426 U.S. 394, 403 (1976); see also

1

United States v. Denson, 603 F.2d 1143, 1146 (5th Cir.1979) (explaining that "[t]he Supreme Court has repeatedly stated in general terms that issuance of a writ of mandamus lies in large part within the discretion of the court").[1]  Moreover, mandamus is a drastic remedy justified by "only exceptional circumstances." In re BellSouth Corp., 334 F.3d 941, 953 (11th Cir. 2003).  "The party seeking mandamus has the burden of demonstrating that its right to issuance of the writ is clear and indisputable." Id. (quotation omitted).  "[A] writ of mandamus is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003) (quotation omitted).

Upon review of the record and consideration of the parties' motions, the Court finds Perry has not shown the exceptional circumstances necessary to warrant issuance of the writ. The plea agreement executed between Perry and the Government stated that "the determination as to whether the defendant has provided 'substantial assistance' rests solely with the government."  (Doc. # 157 at ¶ 4(C).)  It is clear, then, that the Government does not owe Perry a nondiscretionary duty to file a Rule 35(b) motion requesting a reduction in his sentence.  Therefore, to the extent Perry argues that the Government breached the agreement, his argument is without merit because the Government was under no mandatory duty, pursuant to the plea agreement, to file the Rule 35(b) motion.  In short, Perry failed to

---

[1] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).  This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

establish a "clear and indisputable" right to the issuance of a writ of mandamus.

Second, as recognized in the Recommendation, Perry filed a motion seeking a Writ of Mandamus, but the Government argued in its Response that the motion not only should be denied but also should be recharacterized as a 28 U.S.C. § 2255 motion. The Court notes that because neither the Magistrate Judge nor the District Court Judge have pursued the procedural requirements necessary to convert a motion into a § 2255 motion, Petitioner's August 22nd motion (Doc. # 238) "cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." Castro v. United States, 540 U.S. 375, 383, 124 S. Ct. 786, 792 (2003).

SO ORDERED, this the 31st day of March, 2006.

                                            s/   Hugh Lawson
                                            **HUGH LAWSON, JUDGE**

pdl